UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COREY ALLEN LOCKETT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:12 CV 31 RWS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

Petitioner Corey Allen Lockett moves to vacate his sentence pursuant to 28 U.S.C. § 2255. Lockett alleges that his Sixth Amendment right to effective assistance of counsel was violated and that his plea agreement was induced by evidence obtained through an unconstitutional search and seizure. For the reasons set forth below, both allegations lack merit, and I will deny Lockett's motion.

**I.   Background**

On July 15, 2010, Corey Allen Lockett ("Lockett") was indicted on a charge of interstate transportation in aid of the racketeering enterprise of prostitution in violation of 18 U.S.C. § 1952 (a)(3). The U.S. Magistrate Judge Noce set an evidentiary hearing for August 19, 2010. On July 23, Lockett, through his counsel, an Assistant Federal Public Defender, filed a motion requesting a time extension for pretrial motions, which was granted. Lockett filed a waiver of his pretrial motions on August 6, 2010. Three days later, however, on August 9, Lockett withdrew his previous waiver and filed a motion to suppress evidence. Later, on August 11, 2010, Lockett withdrew his motion to suppress evidence and once again waived his pretrial motions.

The following facts are established by Locketts' plea agreement entered in the underlying criminal case:

>On June 26, 2010, at 5:00 a.m., a Missouri State Highway Patrol officer observed the defendant Corey Allen Lockett operating a vehicle on Interstate 55 in Jefferson County, Missouri. The officer attempted to stop the defendant for a traffic violation and he failed to stop. The defendant took off and led the trooper on a high speed chase. The trooper lost the vehicle and the Arnold, Missouri Police subsequently found the defendant, who failed to pull over again. During the course of the second chase, the defendant struck an Arnold Police vehicle.
>
>The defendant was subsequently arrested for traffic violations and identified. Officers also observed two young females in his vehicle, identifies as "Jane Doe One," age 16 and "Jane Doe Two," age 15. Officers would testify that they were suspicious about the circumstances of the travelling party. Officers checked with the Springfield police and determined the parent of "Jane Doe One and Two" had filed a missing persons report and had not allowed the defendant to take the girls. Officers searched the defendant's car and found prostitution related advertisements, customer lists and scripts for prostitutes to reply to customers via phone or texts. Agents also seized a Blackberry cellular telephone belonging to Lockett and a digital camera, which were searched pursuant to federal search warrants. Investigators have reviewed the cellular telephone's content of numerous text messages, including at least two communications made while Lockett was driving through the Eastern District of Missouri, that relate to the commission of sex acts between "Jane Doe One" and potential customers.
>
>Investigators would also testify that "Jane Doe One and Two" both indicated that the defendant lived in their neighborhood in Springfield, Illinois where they met. "Jane Doe One" told FBI agents that the defendant had placed her advertisements on Craigslist and that she had performed act of prostitution on behalf of the defendant. Agents would testify that "Jane Doe One" told them that the defendant drove her to calls, rented the hotel rooms, took her pictures, posted her pictures and paid for the advertisements. The defendant and "Jane Doe One" shared the proceeds of the prostitution. Lockett now admits the same.
>
>In addition, Lockett was interviewed by FBI agents and he made a post-Miranda statement that he knew that the girls were under age and that "Jane Doe One" was 16. The defendant admitted that he was a massage therapist and a pimp, and that he split the prostitution proceeds with "Jane Doe One." The defendant told agents that he was in the process of driving "Jane Doe One and Two" to Mississippi, through Memphis, and that he was not going to do it for free, and that "Jane Doe One" would have to earn some money to pay her way down.
>
>Lockett also admits that the sex trafficking or prostitution described in this stipulation of facts was in or affecting interstate commerce.

Case No. 4:10CR386 RWS [Doc. # 33, pp. 9-10].

On January 5, 2012, Lockett filed his § 2255 motion. Pursuant to this motion, Lockett alleges that: (1) his right to effective assistance of counsel was violated when his attorney waived his pretrial motions and failed to suppress evidence and (2) that his plea agreement was induced by evidence uncovered by an unconstitutional search and seizure.

## II. Discussion

### A. *Timeliness*

There is an initial question of whether Lockett's motion was timely filed. To be timely, a § 2255 motion must be filed within one year of the judgment becoming final. 28 U.S.C. § 2255(f)(1). Lockett's sentencing hearing took place on November 23, 2010, where he was informed of his right to file notice of an appeal within 14 days. Fed. R.App. P. 4(b)(1). Lockett did not file an appeal, and his conviction became final on December 7, 2010. Thus, Lockett had until December 7, 2011, to file a § 2255 motion.

Lockett filed his § 2255 motion on January 5, 2012, after the one-year period had lapsed. Lockett argues, however, that his motion is saved by virtue of either the "prison mailbox rule" or equitable tolling. See Houston v. Lack, 487 U.S. 266, 266-267 (1988) (explaining the reasoning behind the prison mailbox rule as it applies to *pro se* litigants). To gain the benefit of the prisoner mailbox rule, Lockett must have deposited his § 2255 motion with prison authorities prior to the "pertinent due [date]," in this case December 7, 2011. Grady v. United States, 269 F.3d 913, 918 (8th Cir. 2001). In order to be entitled to equitable tolling, Lockett must show that he diligently pursued his rights and that extraordinary circumstance prevented timely filing. See Holland v. Florida, 130 S. Ct. 2549, 2562 (2010).

Lockett claims that he first delivered his petition to the prison mailroom attendant on November 23, 2011, and he attempts to show that he diligently pursued his rights but that his

mail could not be processed until December 21, 2011, due to unavoidable problems with the prison's mailing label printer. Although Lockett fails to explain why he failed to diligently pursue his rights before November 23, 2011—and I am not satisfied as to why the temporary unavailability of the label printer delayed Lockett's mail from being processed until December 21, 2011—the record is sufficiently muddled to prevent me from reaching the decision that Lockett's petition is time-barred. However, assuming Lockett's petition was timely filed, it fails on the merits for the reasons set out below.

    *B. Ineffective Assistance of Counsel*

Lockett next claims that his Sixth Amendment right to effective counsel was violated. The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To succeed on a claim of ineffective assistance of counsel, Lockett must show that: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that this deficient representation "prejudiced the defense." Id. at 687.

When evaluating counsel's performance under the first prong, the court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Lockett must show that "counsel's representation fell below an objective standard of reasonableness." Id. at 688.

To prove the second prong, that the deficient representation caused prejudice, Lockett must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. In this context, Lockett must show that "there is a reasonable probability that, but for counsel's errors, he would not have

pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Lockett argues that his attorney waived his pretrial motions without first consulting him. The Assistant Federal Public Defender's sworn affidavit directly contradicts this claim. Assistant Federal Public Defender explains that on August 4, 2010, she met with Lockett to discuss the issues he could raise by way of pretrial motions, including the lawfulness of his arrest, possible Fourth Amendment claims based on the searches of his car and cell phone, and the circumstances under which he made statements to law enforcement agents. After initially waving his right to pretrial motions, Lockett reversed course on August 9, 2010, and advised his attorney to withdraw the waiver and prepare motions to suppress evidence. The motions were filed that same day.

On August 11, 2010, Lockett met with his attorney to discuss a plea agreement that included a recommendation for a sentence of 76 months if Lockett pleaded guilty to two lesser charges. His attorney explained that the then-existing charge in the indictment carried a mandatory minimum sentence of 120 months if Lockett was convicted. The plea agreement was contingent on Lockett withdrawing his pretrial motions and waiving his right to a hearing on his motions. Following this conversation, Lockett agreed to withdraw his motions and accept the plea agreement.

On August 12, 2010, Lockett's attorney explained the strategy and procedural background of the case to U.S. Magistrate Judge Noce, who then held the following colloquy with Lockett, under oath, at his waiver of motions hearing:

THE COURT: You have discussed this matter with Ms. Liggett as she has described; is that true?

MR. LOCKETT: Yes, sir.

THE COURT: All right. And are you in agreement with what she has said?

MR. LOCKETT: Yes, sir.

THE COURT: All right. You know that you do have the right to file pretrial motions in this case, and in fact some have been filed. They are documents that you and your attorney would discuss. And assuming there's something to bring to the Court's attention, those documents could call into question some or all of the Government's case against you. The Court could hold a hearing and then would make a decision one way or the other way on such motions. You understand that you have that right?

MR. LOCKETT: Yes, sir

THE COURT: All right. Consistent with what Ms. Liggett said, is it your decision to give up your right to go forward on any motions that have been filed, and to give up your right to file any more pretrial motions in this case and instead to go before Judge Sippel without having had pretrial motions heard before appearing before him?

MR. LOCKETT: Yes, sir

THE COURT: All right. And you know that making that choice at this time, you won't be able to change your mind and file pretrial motions in this case in the future; do you understand that?

MR. LOCKETT: Yes.

> THE COURT: All right. Now, Ms. Liggett has described that you've gone back and forth on this. And then are you confident in your decision now that you've just stated to me.
>
> MR. LOCKETT: I am.
>
> THE COURT: All right. And is anybody forcing you to do this?
>
> MR. LOCKETT: No.

Case No. 4:10CR386 RWS [Doc. # 49, pp. 3-4].

The above representations made by Lockett in open court contradict his claim of ineffective counsel. The record is devoid of evidence showing that Lockett's attorney fell below an objective standard of reasonableness and that his defense was prejudiced as a result. The record is, however, filled with sworn statements from Lockett and his attorney, under oath, affirming that Lockett understood that the decision to waive his pretrial motions and move forward with the plea agreement was his alone. The record further establishes that Lockett's attorney provided him effective counsel regarding the plea agreement, and that Lockett's guilty plea was knowing, voluntary, and intelligent. As a result, Lockett's claim that he received ineffective assistance of counsel is without merit.

C. *Unconstitutional Search and Seizure*

Lockett argues that his plea agreement was induced by evidence obtained through an unconstitutional search and seizure. Yet Lockett gave up his right to make this claim by pleading guilty:

> A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not

thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267 (1973).

Lockett waived his right to appeal or file any post-conviction motions other than claims of ineffective assistance of counsel or prosecutorial misconduct. Although Lockett attempts to couch it as a claim of prosecutorial misconduct, the argument that he was subject to an unconstitutional search and seizure does not fall within an exception to his waiver. See Fischer v. United States, No. 4:09–cv–1783 CAS, 2010 WL 3719934, at *8 (E.D.Mo. Sept. 13, 2010) (finding that a claim of unconstitutional search and seizure did not fall within exception for prosecutorial misconduct); Johnson v. United States, No. 4:10–CV–01531–CDP, 2011 WL 1559764, at *6 (E.D.Mo. April 25, 2011).

For this waiver to be valid, Lockett must have made it knowingly and voluntarily. DeRoo v. United States, 223 F.3d 919, 923 (8th Cir.2000). This requirement applies individually to each term of the plea and waiver. United States v. Andis, 333 F.3d 886, 890 (8th Cir.2003). With regard to the waiver, I questioned Lockett specifically about the appellate rights he was waiving at his plea colloquy.

> THE COURT: If I sentence you consistent with the plea agreement, you've agreed not to file any other motions or any other lawsuits challenging how your case has been handled except for a claim you may have for misconduct by the prosecutor or ineffective assistance by your lawyer?
>
> MR. LOCKETT: Yes, sir.
>
> Case No. 4:10CR386 RWS [Doc. #47, pp. 16-17].

Lockett can overcome the waiver if he can show that enforcing the waiver would lead to a miscarriage of justice. See Andis, 333 F.3d at 891. "[T]his exception is a narrow one and will not be allowed to swallow the general rule that waivers of appellate rights are valid." Id.; see also United States v. Sisco, 576 F.3d 791, 796 (8th Cir.2009) (noting that the miscarriage of justice exception arises "in only limited contexts"). Lockett's petition fails to show that enforcement of his waiver of post-conviction rights would constitute a miscarriage of justice.

Thus, Lockett's claim of unconstitutional search and seizure falls within the scope of his waiver. The waiver was entered into knowingly and voluntarily, and Lockett has not shown that enforcing it would lead to a miscarriage of justice. By pleading guilty, Lockett has given up his right to challenge the alleged unconstitutional search and seizure that occurred before his plea.

### III. Request for Evidentiary Hearing

A petitioner is entitled to an evidentiary hearing on a § 2255 motion unless the motion, rules, and record conclusively show that the petitioner is not entitled to relief. Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir.2008). Because the record conclusively establishes that Lockett is not entitled to relief, I need not hold an evidentiary hearing.

### IV. Certificate of Appealability

To grant a certificate of appealability, a court must find a substantial showing of a denial of a constitutional right. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir.1997) (holding that a substantial showing requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Because Lockett has not made such a showing, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Corey Allen Lockett's motion under 28 U.S.C. § 2255 is **DENIED**.

**IT IS FURTHER ORDERED** that Lockett's motion for an evidentiary hearing is **DENIED**.

**IT IS FURTHER ORDERED** that this court will not issue a certificate of appealability, as Lockett has not made a substantial showing of the denial of a federal constitutional right.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 21st day of October, 2013.